(78 South. 943)

No. 21552.

ANDERSON v. CLESI et al.

(May 27, 1918.)

*(Syllabus by Editorial Staff.)*

MUNICIPAL CORPORATIONS ⬡⟶705(10) — PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.

In an action by a police traffic officer for injury to his foot by defendant's automobile, *held,* that plaintiff's injury was attributable to his own negligence in suddenly running against the automobile.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Adolph Anderson against N. J. Clesi and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Henry O. Hollander and B. B. Howard, both of New Orleans (James Barkley Rosser, Jr., of New Orleans, of counsel), for appellant. Charles Rosen, of New Orleans, for appellees.

LECHE, J. Plaintiff, a police officer, alleges in substance that while engaged in the performance of his duty, enforcing the traffic regulations of the city of New Orleans at the intersection of Canal and Carondelet streets in said city, defendant Leonard N. Clesi, driving an automobile belonging to his codefendant, N. J. Clesi, came down Carondelet street, and, without sounding any alarm, negligently ran over his (plaintiff's) right foot, knocking him down, and injuring his said right foot and his right arm, causing him great pain and suffering, and inflicting upon him permanent injury, for which he claims damages in the sum of $5,025.

The defense is a general denial and in the alternative a plea of contributory negligence.

The district court rendered judgment in favor of defendants, and plaintiff appeals.

The evidence shows that on September 13, 1911, plaintiff was stationed under an umbrella in the center of the neutral ground on Canal street, on the river side of and a few feet from the car tracks running out Carondelet, across Canal, to Bourbon street; that under the traffic regulations of the city, in force at that time, this crossing, to which plaintiff was assigned, was to be used exclusively for traffic moving from the upper side to the lower.side of Canal street; that at the time the accident happened a street car coming out Carondelet street at the proper time and in conformity to the traffic regulation, and most likely after being signaled by the plaintiff, traffic officer, started across Canal street, followed by the automobile driven by the defendant L. N. Clesi, and, when the street car had just passed plaintiff, he noticed a wagon coming across, on the lake side and to the left of the moving street car from the downtown side of Canal street in violation of the traffic regulation;-that plaintiff, with his eyes directed towards the offending wagon and his attention centered upon this threatened violation of the traffic rule, suddenly left his umbrella stand and, darting behind the street car to stop the wagon, ran into and struck the forward right fender of defendant's automobile, and thus caused the injury complained of, to be inflicted upon himself. The evidence shows that the automobile of defendant was moving slowly, some 10 or 15 feet (Clesi says "a length") behind and following the street car; that there was no occasion to give any warning blast of the horn; that plaintiff came upon the automobile so suddenly that it was impossible to stop it before the collision, but that it was stopped within 2 feet of the place where plaintiff ran into it.

Under this state of facts, plaintiff's injury must be attributed to his own negligence.

The judgment appealed from is therefore affirmed.